**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re: Case no. 6:23-bk-04674-GER

Daniel Lee Bendix, Chapter 7
Debtor.
_______________________________________/

Kapitus Servicing, Inc., as agent for Kapitus LLC, Adv. Pro. no. 6:24-ap-00013-GER
Plaintiff,
v.

Daniel Lee Bendix,
Defendant.
_______________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES OF DANIEL LEE BENDIX**

Defendant Daniel Lee Bendix answers the Complaint to Determine Non-Dischargeability of Debt (Doc. 1) and asserts affirmative defenses as follows:

**ANSWER**

1. Admit.
2. Admit.
3. Admit.
4. Deny due to lack of knowledge.
5. Admit.
6. Deny that Jaks continues to operate, admit remaining allegations.
7. Admit.
8. Admit that Debtor was Jaks' president and 100% owner.
9. Admit.

10. Admit.
11. Deny.
12. Deny, the attached Business Loan Application is not to Kapitus.
13. Admit.
14. Admit.
15. Admit.
16. Deny due to lack of knowledge.
17. Deny.
18. Admit.
19. Admit.
20. Admit.
21. Admit.
22. Admit.
23. Admit.
24. Admit that the contract speaks for itself, deny remaining allegations.
25. Deny.
26. Deny.
27. Defendant would characterize the transaction as a loan with a pledge of future receivables as security and would thus deny the term “Purchase Price,” but otherwise admits the allegations in this paragraph.
28. Admit that the documents speak for themselves.
29. Deny due to lack of knowledge.
30. Admit.

31. Admit that the agreement speaks for itself, deny remaining allegations.

32. Admit that the agreement speaks for itself, deny remaining allegations.

33. Admit that the agreement speaks for itself, deny remaining allegations.

34. Admit that the agreement speaks for itself, deny remaining allegations.

35. Admit that the agreement speaks for itself, deny remaining allegations.

36. Admit that the agreement speaks for itself, deny remaining allegations.

37. Deny.

38. Admit that the agreement speaks for itself, deny remaining allegations.

39. Admit that the agreement speaks for itself, deny remaining allegations.

40. Admit that the agreement speaks for itself, deny remaining allegations.

41. Admit that the agreement speaks for itself, deny remaining allegations.

42. Admit that the agreement speaks for itself, deny remaining allegations.

43. Deny due to lack of knowledge.

44. Admit.

45. Admit that the agreement speaks for itself, deny remaining allegations.

46. Deny due to lack of knowledge.

47. Deny.

48. Deny due to lack of knowledge.

49. Deny due to lack of knowledge.

50. Deny.

51. Admit.

52. Admit that Debtor and Jaks monetarily defaulted on or about January 31, 2022, when the Account had insufficient funds. Deny remaining allegations.

53. Admit.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny that account ending 8289 belonged to Debtor, it belonged to Jaks.

64. Deny.

65. Admit.

66. Deny.

67. Deny.

68. Admit.

69. Deny due to lack of knowledge, Debtor sought financing for Jaks through multiple sources.

70. Deny.

71. Admit.

72. Admit.

73. Admit.

74. Deny.

75. Admit.

76. Deny.

77. Admit.

78. Deny.

79. Deny.

80. Deny.

81. Deny due to lack of knowledge.

82. Admit that the agreement speaks for itself, deny remaining allegations.

83. Deny.

84. Responses to paragraphs 1 through 83 are reincorporated by reference.

85. Deny.

86. Deny.

87. Admit.

88. Deny.

89. Deny.

90. Admit that the agreement speaks for itself, deny remaining allegations.

91. Deny.

92. Deny.

93. Admit that the agreement speaks for itself, deny remaining allegations.

94. Admit that the agreement speaks for itself, deny remaining allegations.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Responses to paragraphs 1 through 83 are reincorporated by reference.

102. Responses to paragraphs 90 through 95 are reincorporated by reference.

103. Admit.

104. Deny.

105. Deny.

106. Admit that the agreement speaks for itself, deny remaining allegations.

107. Admit that the agreement speaks for itself, deny remaining allegations.

108. Deny.

109. Deny.

110. Deny that Debtor "froze the Account."

111. Admit that Jaks obtained additional funding from sources other than Kapitus, including financing agreements characterized as receivables assignments, deny remaining allegations.

112. Admit that Jaks had insufficient funds to pay Kapitus, deny remaining allegations.

113. Deny.

114. Deny.

115. Deny.

116. Deny.

117. Deny.

118. Deny.

119. Deny.

120. Deny.

121. The responses to paragraphs 1 through 83 are reincorporated by reference.

122. Deny.

123. Deny.

124. Admit.

125. Deny.

126. Admit that Debtor deposited Jaks' receipts into other accounts, including the PNC Account, deny remaining allegations.

127. Admit that the agreement speaks for itself, deny remaining allegations.

128. Deny.

129. Deny.

130. Admit.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Deny.

136. Admit that the agreement speaks for itself, deny remaining allegations.

137. Deny.

138. Deny.

139. Admit that the agreement speaks for itself, deny remaining allegations.

140. Deny.

141. Deny.

142. Admit that the agreement speaks for itself, deny remaining allegations.

143. Admit that Debtor entered into additional financing arrangements that may have also been mischaracterized as the sale of future receivables.

144. Deny.

145. Deny.

146. Deny.

147. Deny.

148. Admit.

149. Deny.

150. Admit that the agreement speaks for itself, deny remaining allegations.

151. Deny.

152. Admit.

153. Admit.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny.

159. The responses to paragraphs 1 through 83 are reincorporated by reference.

160. Admit.

161. Deny.

162. Deny.

163. Deny.

164. Deny.

## AFFIRMATIVE DEFENSES

1. **Failure to state a cause of action: Count I**. Count I seeks a determination of non-dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) but fails to plead with the required specificity and incorporates multiple different bases. In paragraphs 88 though 91, it appears that Plaintiff is alleging that the false promise was the promise to pay, and cites as its support for the inference that Debtor never intended for Jaks to pay Plaintiff the brief period of payment before Jaks defaulted. The loan originated on December 17, 2021, and required weekly payments of $4,219.00 until a total of $109,600.00 was paid. According to the Complaint, paragraph 52, the first monetary default was January 31, 2022, meaning five or six payments were made, depending on when the deductions started, or $21,095.00 to $25,314.00 was paid, constituting to 19-23% of the debt. Then Plaintiff shifts to representations that Jaks would refrain from obtaining additional financing and use funds for business purposes. However, Plaintiff offers no allegations that would support the conclusory allegations "Upon information and belief, Debtor never had any intention to honor the Agreement." Complaint, paragraph 97. Furthermore, Plaintiff contradicts itself. Plaintiff alleges that it believed Jaks would only use the funds received:

> in the ordinary course of business, and (2) would be used exclusively for a Business Purpose and no other, which was limited to (i) working capital, (ii) business insurance, (iii) franchise fees, (iv) employee training, (v) the purchase of equipment, (vi) inventory, (vii) business supplies and raw material, and (viii) the construction, renovation or improvement of facilities.

Exhibit B to Complaint, Terms and Conditions, page 8. Plaintiff cannot reasonably have relied upon this representation when Plaintiff remitted $54,753.00 of the purchase price to

itself to satisfy a forward purchase agreement between itself and Jaks entered into three months prior.

2. **Failure to State a Cause of Action: Count II**. Count II attempts to state a claim for non-dischargeability pursuant to 11 U.S.C. § 523(a)(2)(B). However, Plaintiff goes on to quote approximately three pages of the agreement, claims that the representations contained in those pages were false (paragraph 108, Complaint), and by paragraph 114 is again claiming that the false statement was essentially that Jaks would perform under the agreement: "Upon information and belief, Debtor fully intended to deprive Kapitus of its Receipts when he executed the Agreement," and asserts as damages its expectancy interest in the contract. As above, this fails to state with the particularity required what false statements were relied upon and how Plaintiff was injured as a result. Furthermore, Plaintiff cannot be held to have reasonably relied upon the representations regarding the use of funds since the majority of the funds were used by Plaintiff to payoff a contract entered into three months earlier. Plaintiff claims, "[u]pon evaluation, the merchant [Jaks] appeared to be a very solid business to fund." Complaint, paragraph 17. Again, $54,753.00 of the $80,000.00 "Purchase Price" was being used by Plaintiff to payoff Jaks' sale of receivables to Plaintiff from three months prior.

3. **Failure to State a Cause of Action/Lack of Standing: Count III**. Count III claims non-dischargeability under 11 U.S.C. § 523(a)(4). However, Count III fails to state a cause of action because it fails to allege a legal basis for a fiduciary duty by Daniel Bendix to Plaintiff, standing to assert claims based upon a fiduciary obligation of Daniel Bendix to Jaks, creation of an express trust, or any conduct that would constitute a breach of a fiduciary duty owed by Daniel Bendix to Jaks.

4. **Failure to State a Cause of Action: Count IV**. Count IV claims non-dischargeability under 11 U.S.C. § 523(a)(6) but fails to state a cause of action. "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). Plaintiff does not allege willful and malicious injury, only willful and malicious conduct leading to injury: "Debtor's activities described herein constitute willful and malicious conduct which resulted in damage to Kapitus, and Debtor's debt to Kapitus is nondischargeable." Complaint, paragraph 163. Indeed, if the sub-paragraphs of paragraph 162 are examined, they each attempt to restate claims for non-dischargeability under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), or (a)(4). Plaintiff's Comlaint fails to state a cause of action for non-dischargeability under 11 U.S.C. § 523(a)(6).

5. **Unclean Hands/*In Pari Dilecto*: all counts**. The agreement is a financing agreement, despite the recitations to the contrary. Plaintiff admits as much in section 2.10 of the Terms and Conditions:

> Other Financing. Seller shall not enter into any arrangement, agreement or commitment for any additional financing, whether in the form of a purchase and sale of receivables, the sale of accounts receivable, or a loan (whether secured or unsecured) with any party other than Purchaser without Purchaser's written permission.

"Except as otherwise permitted by law, no contract shall be made for the payment of interest on a loan that exceeds 12 percent per year." Virginia Code § 6.2-303. In this case Jaks was to pay $4,219.00 per week for 26 weeks, for a total of $109,600.00, on a principal balance of $80,000. That is 137% interest, anticipated in six months, or 274% annually. Because the contract Plaintiff seeks to enforce is illegal under Virginia law, the doctrine of

*in pari dilecto* bars Plaintiff's recovery legally, and the doctrine of unclean hands precludes Plaintiff from obtain the equitable remedy of non-dischargeability.

## DEMAND FOR ATTORNEY'S FEES

Defendant Daniel Lee Bendix demands attorneys' fees and costs incurred in defending this action pursuant to 11 U.S.C. § 523(d) and/or pursuant to the agreement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF mail upon counsel for Plaintiff this 25th day of March 2024.

Faro & Crowder, PA

By: /s/ Michael Faro

Michael Faro (FBN: 758981)
700 N. Wickham Rd, Suite 205
Melbourne, FL 32935
Phone: 321-784-8158
Email: mfaro@farolaw.com